**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6115**

JERRY L. OLIVER,

                    Plaintiff - Appellant,

          v.

CAPTAIN MYERS; DR. C. SCHNEIDER; SERGEANT GIBBS; MS.
COLEMAN; CORRECTIONAL OFFICER REEVES; INV. SERGEANT STOOTS;
CORRECTIONAL OFFICER FOUNTAIN; MR. GILES; SERGEANT LYNCHARD;
WARDEN DILLMAN; OPERATIONS OFFICER M. GREY,

                    Defendants - Appellees.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.   James C. Turk, Senior
District Judge. (7:08-cv-00558-jct-mfu)

Submitted:  May 28, 2009                  Decided:  June 8, 2009

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Jerry L. Oliver, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry L. Oliver seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 (2006) complaint for failure to state a claim upon which relief may be granted. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period, Fed. R. App. P. 4(a)(5), or reopens the appeal period, Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, __, 127 S. Ct. 2360, 2366 (2007).

The district court's order was entered on the docket on December 12, 2008. The notice of appeal was filed on January 16, 2009.* Because Oliver failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately

---

*For the purpose of this appeal, we assume that the date Oliver alleges to have placed his notice of appeal in the prison mail system is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

presented in the materials before the court and argument would not aid the decisional process.

DISMISSED